UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KEITH ANTHONY CATES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-41-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DOUG THOMAS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Keith Anthony Cates is a former inmate of the Madison County Detention Center located in Richmond, Kentucky. Cates filed a *pro se* civil rights Complaint alleging, *inter alia*, that Jailer Doug Thomas failed to protect him from an attack by another inmate. [Record No. 1] The Court granted Cates *pauper* status and directed that his Complaint be served upon Thomas. [Record No. 5] Thomas moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Cates released his claim. [Record No. 8] Thomas attached to his motion a one-sentence document, apparently handwritten and signed by Cates, which states that "I Keith Cates am willingly dismissing my lawsuite (*sic*) in fedral (*sic*) court against Doug Thomas 'Jailer' of Madison Co. Det. Center. This day of Feb. 13th 2018." The document was notarized the same day. [Record No. 8-2] Thomas included his own affidavit, stating that Cates voluntarily signed the release when he was discharged from the jail. [Record No. 8-1]

The Court entered an Order on March 1, 2018, directing Cates to file any objections to the dismissal of his claim based on the release. The Order further provided that it would be sent to Cates at the new address identified in Thomas's motion. [*See* Record No. 9.] When that Order was returned by the Postal Service as undeliverable, the Court ordered Thomas to provide to the Court an updated and accurate address for Cates, if one could be determined. [Record Nos. 10, 11] On March 22, 2018, Thomas filed a Notice of Service in the record, indicating that his investigation uncovered five past or current addresses for Cates, and that he had mailed additional copies of his Motion to Dismiss to each of them by certified mail. [Record No. 12]

One month later, Thomas filed a new notice indicating that, on March 8, 2018, Cates was returned to custody for a bond violation and was being held in the Madison County Detention Center. The notice further indicated that Cates was then served on March 24, 2018. [Record No. 13] Based upon this information, the Court updated Cates' mailing address, directed the Clerk of the Court to mail a copy of Thomas's Motion to Dismiss to Cates at this address, and advised Cates that he must file any response within twenty-one days. [Record No. 14] That deadline has passed and Cates has not filed any response or objection to the Motion to Dismiss.

As the Court noted in its prior Order, Thomas' Motion to Dismiss and the documents accompanying it establish the *prima facie* validity of the release by providing a copy of it and an affidavit attesting that the plaintiff executed it voluntarily. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1108 n.3 (6th Cir. 2010) (citing 5 KY. PRAC. METHODS OF PRAC.

§ 41:14 (4th ed. 2009); 66 AM.JUR.2D Release §§ 40–41; 76 C.J.S. Release § 84). For his part, Cates has not disputed the validity of the release.

Thomas having carried his initial burden to establish a valid release and without objection from Cates, the Court will grant the Motion to Dismiss. *See also Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion."). Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Thomas's Motion to Dismiss [Record No. 8] is **GRANTED**.

2. Plaintiff Cates' Complaint [Record No. 1] is **DISMISSED WITH PREJUDICE**.

3. This matter is **STRICKEN** from the docket.

This 17th day of May, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge